UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JAMOR J. DEMBY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VICTORIA L. KUHN *et al.*,<br><br>　　　　　　Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-cv-12831 (KMW-MJS)<br>No. 25-cv-13321 (KMW-SAK)<br><br>**MEMORANDUM ORDER AND**<br>**OPINION** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Jamor J. Demby's ("Plaintiff") Complaints in No. 25-12831 (ECF No. 1) and 25-13321 (ECF No. 1) (collectively "Complaints") and his corresponding Applications to Proceed in District Court Without Prepaying Fees or Costs (collectively "IFP Applications") pursuant to 28 U.S.C. § 1915(a)(1); and

**WHEREAS**, having reviewed the applications, this Court finds that Plaintiff has shown an entitlement to proceed without prepayment of fees, and his applications shall be **GRANTED**; and

**THE COURT NOTING** that, pursuant to Federal Rule of Civil Procedure 42(a), where an action has common questions of law or fact, the court may consolidate the actions at issue; and

**WHEREAS**, the Court can consolidate actions *sua sponte, Kamdem-Ouaffo v. Task Mgmt.*, No. 18-298, 2018 WL 3360762 at *26 (D.N.J. Jul. 9, 2018).

Here Plaintiff has filed two complaints that are almost identical in fact and law. (*See* No. 25-12831, ECF No. 1; No. 25-13321, ECF No. 1). In fact, the only significant difference the Court can glean is that in No. 25-12831, Plaintiff names John Doe as a Defendant (ECF No. 1 at p. 1),

and in No. 25-13321, Plaintiff does not name John Doe, but names six law enforcement officers instead. (ECF No. 1 at p. 1). All other facts and law substantively remain the same.

For example, in No. 25-12831, the Facts of the Complaint state:

> In the Current case petitioner on 6/17/2025, while in the city of Camden New Jersey, members the New Jersey state parole board task force, pulled up alongside of plaintiff, in unmarked cars, petitioner in fear for his safety began to run for a short distance, until he heard the words police. Plaintiff stopped immediately. One of the parole agents continued running toward plaintiff at full speed and tackled plaintiff to the ground. This officer had ample time to slow down, but didn't. He tackled plaintiff to the ground and then threatened to break plaintiff arm if he moved. As a result of this officers' actions he caused injury to plaintiffs left knee, left shoulder, right elbow, and left side of neck. Plaintiff asked to be taken to the hospital for his injuries. The officers said since you want medical attention were going to charge you with resisting arrest as retaliation for seeking medical attention. Plaintiff was taken to west Jersey Hospital/virtua Hospital for his injuries. In violation of plaintiff's **8th and 14th Amendment rights of The United States Constitution**.

(No. 25-12831, ECF No. 1 at p. 1-2) (emphasis in original).

In comparison, in No. 25-13321, the Facts of the Complaint state:

> In the Current case petitioner on 6/17/2025, while in the city of Camden New Jersey, members the New Jersey state parole board task force, TFO West, Senior Parole Officer James Martine, Michael Gallagher, Officer Dana Orlando, Jonathan Sierputowski, Page 1 of 8 I Case 1:25-cv-13321-KMW-SAK Document 1 Filed 07/14/25 Page 1 of 9 PageID: 1 pulled up alongside of plaintiff, in unmarked cars, petitioner in fear for his safety began to run for a short distance, until he heard the words police. Plaintiff stopped immediately. One of the parole agents continued running toward plaintiff at .. full speed and tackled plaintiff to the ground. This officer had ample time to slow down, but didn't. He tackled plaintiff to the ground and then threatened to break plaintiff arm if he moved. As a result of this officers' actions he cause~ injury to plaintiffs l~ft knee, left shoulder, right elbow, and left side of neck, and left hand Middl~ finger. Plaintiff asked to be taken to the hospital for his injuries. The officers said since you want medical attention were going to charge you with resisting arrest as retaliation for seeking medical attention. Plaintiff was taken to west Jersey Hospital/virtua Hospital for his

injuries. In violation of plaintiff's **8th and 14th Amendment rights of The United States Constitution**.

(No. 25-13321, ECF No. 1 at p. 1-2) (emphasis in original).

Plaintiff's legal argument section of both Complaints are likewise similar as illustrated above. (*See* No. 25-12831, ECF No. 1 at p. 2-3; No. 25-13321, ECF No. 1 at p. 2-3); and

**WHEREAS**, Plaintiff's Complaints were deemed Withdrawn for failure to pay the filing fee or file an IFP Application in August 2025 and the Court Ordered that "upon the payment of the filing fee or the submission of a completed, signed application to proceed *in forma pauperis*, Plaintiff may move to reopen this matter." (No. 25-12831, ECF No. 4 at p.1; No. 25-13321, ECF No. 4 at p. 1); and

**THE COURT NOTING** that Plaintiff has filed IFP Applications[1] in both cases but has not moved to reopen either matter.

**IT IS HEREBY** on this ⎰11⎱ day of March, 2026 **ORDERED**

A.    Plaintiff's IFP Applications in both actions No. 25-cv-12831 (ECF Nos. 6 and 8), and No. 25-cv-13321 (ECF No. 6) are **GRANTED**

B.    Pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General for the State of New Jersey and the warden of the Camden County Correctional Facility

C.    On each case (No. 25-cv-12831 and No. 25-cv-13321) Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the

---

[1] Plaintiff filed an IFP Application in in No. 25-12831 on September 2, 2025 (ECF No. 6) as well as on October 27, 2025 (ECF No. 8). Plaintiff filed an IFP Application in No. 25-13321 on December 9, 2025 (ECF No. 6).

3

litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid

D.     Pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full

E.     Pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited

F.     Actions No. 25-cv-12831, No. 25-cv-13321 shall be consolidated for all purposes

G.     All filings in the consolidated action shall be made in No. 25-cv-12831 docket

H.     Plaintiff must move to reopen No. 25-cv-12831 and No. 25-cv-13321 within thirty (30) days of this Memorandum Opinion and Order, otherwise both cases may be terminated without leave to amend

4

I.     The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular

U.S. mail.

KAREN M. WILLIAMS
United States District Judge